IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

Fill in this information to identify your case:

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Lester Wayne Delmont** | | | |
| | First Name | Middle Name | | Last Name |
| Debtor 2 | **Marie A Delmont** | | | |
| (Spouse, if filing) | First Name | Middle Name | | Last Name |

Case No. 24-80967

☐ Check if this is an Amended Plan

Local Form 3015-1 (Nebraska)

# CHAPTER 13 PLAN                                                                                    Revised 01/2022

## Notices

**To Debtors:**  **You must use this Local Form 3015-1 Chapter 13 Plan in your Chapter 13 bankruptcy case. If you do not use this form, the court will not confirm your plan.**

Provisions of this plan that seek to limit the amount of a secured claim or the value of collateral or which seek to avoid a security interest or strip a lien are not effective. To limit the amount of any claim or the value of collateral you must object to the claim. To avoid a security interest or strip a lien, you must file an adversary proceeding or motion, as appropriate.

You must check one box below. If you want nonstandard provisions in Part 11 of this plan to be effective, you must check the box "Included". If you check the box "Not Included", if you check both boxes, or if you do not check a box, any provisions contained in Part 11 are not effective.

Nonstandard provisions in PART 11 are:   ☐ Included      ☒ Not Included

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

**You must timely file a proof of claim in this case to be paid under this plan.** The debt amount and the value of any collateral stated in your proof of claim controls the amount you will be paid. The Debtor(s) may object to these amounts. The Debtor(s) must file a motion or an adversary proceeding to avoid your security interest. Secured creditors are paid interest in the amount and from the date stated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose how this plan treats your claim or any provision of this plan, you must file an objection to confirmation no later than the date designated in the attached Notice of Resistance Deadline. The court may confirm this plan without further notice if no objection is filed. See Fed. R. Bankr. P. 3015.

## Part 1:  Plan Payments and Length of Plan

A.  **Disposable Income.** The Debtor(s) submit to the Chapter 13 trustee, all projected disposable income received during this plan's commitment period. The payment schedule follows: (Insert additional lines if needed)

| A. Monthly Payment Amount (include any previous payments) | B. Number of Payments | Base Amount (A X B) |
|---|---|---|
| $820.00 | 60 | $49,200.00 |
| | Total Plan Base Amount: | $49,200.00 |

B.  **Payment Method.** The Debtor(s) will make regular payments to the trustee from future income as follows:
*Check all that apply:*

☐ Pursuant to a payroll deduction order. Complete the following:

Employee's name from whom the check payment is deducted:

Employer's name, address, city, state, phone:

Debtor is paid:  ☐ Monthly    ☐ Twice Monthly    ☐ Weekly    ☐ Biweekly    ☐ Other _____

☒ Direct payments to the trustee.

☐ Other (specify method of payment):

For cases with employer payroll deductions, debtors must pay the trustee directly by money order or cashier's check until the deduction begins. For plans requiring pre-confirmation adequate protection payments or lease payments, debtors must immediately begin making plan payments to the trustee. For plans without pre-confirmation payments, debtors must begin making plan payments within 30 days after filing the bankruptcy petition

This plan cures any arrearage in payments to the trustee under any prior plan in this case.

| Part 2: | Order of Payment of Claims |

The trustee will deduct trustee fees under 28 U.S.C. § 586(e). The trustee will pay claims in the following order, and unless otherwise provided, claims within each class will be paid pro rata:

1. Pre-confirmation payments for adequate protection or leases of personal property;

2. Minimum monthly payments to secured creditors listed in Part 6 of this plan, minimum arrearage payments and regular executory contract payments due on executory contracts and leases listed in Part 7, and minimum monthly payments on arrearages for priority domestic support claims under 11 U.S.C. § 507(a)(1)(A) listed in Part 5(B);

3. Debtor's attorney's fees and costs approved by the court (The Debtor's attorney should not designate a monthly payment for attorney fees);

4. Secured claims listed in Part 6, arrearages on executory contracts and leases listed in Part 7 and domestic support claims under 11 U.S.C. § 507(a)(1)(A) listed in Part 5(B);

5. Other administrative expense claims under 11 U.S.C. § 503 and Chapter 7 trustee compensation allowed under 11 U.S.C. § 1326(b)(3);

6. Other priority claims in 11 U.S.C. § 507(a) including post-petition tax claims under 11 U.S.C. § 1305;

7. Payments on co-signed unsecured claims listed in Part 8;

8. General unsecured claims.

| Part 3: | Treatment of § 1326(a) Pre-confirmation Adequate Protection and Lease Payments |

The trustee will pay the creditors listed below pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property without a court order. Debtors who propose pre-confirmation payments must immediately begin making plan payments to the trustee. Creditors must timely file a claim to receive payment. The trustee will pay a creditor within 30 days after the creditor files a proof of claim unless the trustee does not have funds available within 7 working days before 30-day period ends. Post-confirmation payments are paid under Parts 6 and 7 of this plan.

| Creditor's Name | Creditor's Full Address | Last Four Digits of Account # | Date Next Payment is Due | Payment Amount |
|---|---|---|---|---|
| -NONE- | | | | |

| Part 4: | **Treatment of Administrative Claims** |
|---|---|

The trustee will deduct trustee fees from each payment the trustee receives. The maximum amount of Chapter 13 attorney fees and expenses (Standard Allowable Amount "SAA") that a debtor's attorney may include in this plan is in Neb. R. Bankr. P. 2016-1(A)(4) and Appendix "K". A debtor's attorney must seek additional fees or costs over the SAA under the "ALC Fees" process or in a separate fee application. Fees and costs requested are:

| SAA Fees Requested | Fees Received Before Filing | Balance of SAA Fee Paid in Plan |
|---|---|---|
| $4,400.00 | $32.00 | $4,368.00 |
| SAA Expenses Requested | Expenses Received Before Filing | Balance of SAA Expenses Paid in Plan |
| $300.00 | $0.00 | $300.00 |

| Part 5: | **Treatment of Priority Claims** |
|---|---|

All claims entitled to priority under 11 U.S.C. § 507(a) must be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment, except for a priority claim under 11 U.S.C. § 507(a)(1)(B). See 11 U.S.C. § 1322(a). Also, all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, must be treated as a general unsecured claim, and are not entitled to priority.

**A.** **Domestic Support Obligations**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 5(A).*

**B.** **Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a)(1)(A)**

☒ None. *If "None" is checked, you do not need to complete or include the rest § 5(B).*

**C.** **Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. § 507(a)(1)(B)**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 5(C).*

**D.** **Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305**

☐ None. *If "None" is checked, you do not need to complete or include the rest of § 5(D).*

The names of creditors, estimated arrearage, and any special payment provisions:

| Federal $ | State $ | Total $ |
|---|---|---|
| Internal Revenue Service | | $5,960.00 |
| | Nebraska Department Of Revenue | $460.00 |

**E.** **Chapter 7 Trustee Compensation Allowed Under 11 U.S.C. § 1326(b)(3)**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 5(E).*

**F.** **Other Priority Claims**

Provisions for treatment must be in Part 11 of this plan.

| Part 6: | **Treatment of Secured Claims** |
|---|---|

**A.1** **Home Mortgage Claims (including claims secured by real property the Debtor(s) intend to retain)**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 6(A).*

**B.** **Post-Confirmation Payments to Creditors Secured by Personal Property**

Post-confirmation payments to creditors holding claims secured by personal property will be paid as set forth in subparagraphs (1) and (2):

1. **Secured Claims excluded from 11 U.S.C. § 506.**

   ☒ None. *If "None" is checked, you do not need to complete or include the rest of § 6(B)(1).*

2. **Secured Claims in which § 506 Valuation is Applicable:**

   ☐ None. *If "None" is checked, you do not need to complete or include the rest of § 6(B)(2).*

   Claims listed in this subsection are debts secured by personal property not described in § 6(B)(1). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. The value of the secured property is determined by the proof of claim, subject to the right of the Debtor(s) to object.

| Creditor's Name | Collateral | Estimated Value of Security or Amount Owed (whichever lowest) | Pre-confirmation Interest Rate & Dollar Amount Limit (if any) | Post-confirmation Interest Rate | Minimum Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|---|
| 1. Bridgecrest Acceptance Corp | 2016 Dodge Ram 42000 miles Laramie 1500 crewcab 4x4 | $25,000.00 | 0.00% $0.00 | 10.00% | $0.00 | $31,339.57 |
| 2. Nebraska Furniture Mart | Television purchased at NFM | $200.00 | 0.00% $0.00 | 10.00% | $0.00 | $250.74 |

C. **Surrender of collateral**

   ☒ None. *If "None" is checked, you do not need to complete or include the rest of § 6(c).*

D. **Lien Avoidance and Lien Stripping:**

   ☒ None. *If "None" is checked, you do not need to complete or include the rest of § 6(D).*

**Part 7:    Treatment of Executory Contracts and Leases**

☒ None. *If "None" is checked, you do not need to complete or include the rest of Part 7.*

**Part 8:    Treatment of Co-Signed Unsecured Debts**

☒ None. *If "None" is checked, you do not need to complete or include the rest of Part 8.*

**Part 9:    Treatment of Unsecured Claims**

Unsecured claims will be paid pro rata from remaining funds.

**Part 10:    Additional Provisions**

1. If no objection to confirmation is filed, the court may confirm this plan without further hearing.

2. Property of the estate, including the Debtor(s)' current and future income, will revest in the Debtor(s) after a discharge is entered, and the Debtor(s) will have the sole right to use and possess property of the estate during this case.

3. To obtain distributions under this plan, a creditor must file a proof of claim no later than 70 days after the petition is filed, except as provided in Rule 3002(c) of the Federal Rules of Bankruptcy Procedure.

4. Unless otherwise provided in this plan or ordered by the court, the holder of each allowed secured claim provided under this plan will retain the lien securing its claim under 11 U.S.C. § 1325(a)(5)(B).

5. After the bar date to file a proof of claim for non-governmental units passes, limited notice/service is approved for all post confirmation motions, including applications for fees, amended plans and other motions. Any motion must be served on all parties in interest. For purposes of this limited notice provision, a "party in interest" is a party directly affected by the motion, a creditor who filed a proof of claim, a party who filed a request for notice, any governmental agency or unit that is a creditor and all secured or priority creditors. Any pleading filed with limited notice must include a certificate of service that specifically states it was served with limited notice on all parties in interest under Neb. R. Bankr. P. 9013-1(E)(1). If a certificate of service is not filed, the motion will be deferred or denied.

## Part 11: Nonstandard Plan Provisions

Nonstandard plan provisions must be set forth below. A nonstandard provision is a provision not otherwise included in, or which deviates from, this Local Form. Nonstandard provisions contained in any other Part of this plan are not effective.

The following plan provisions are effective only if the Debtor(s) checked the box "Included" in the Notice section above.

### Notice of Resistance Deadline

Any resistance to this plan or request for a hearing must be filed with the bankruptcy clerk (see original notice of bankruptcy for the address) and served on the attorney for the Debtor(s) at the address listed below (or served on the Debtor(s), if not represented by an attorney), on or before:

14 days after the conclusion of the meeting of creditors

If a resistance or request for a hearing is timely filed and served, the court will handle the resistance under Neb. R. Bankr. P. 3015-2. If no objection to confirmation is filed, the court may confirm this plan without further hearing.

### Certificate Of Service

On October 30, 2024, the undersigned mailed a copy of this plan to all creditors, parties in interest and those requesting notice, by first class United States mail, postage prepaid. The parties to whom notice was mailed are either listed below or on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to serve: Erin M. McCartney, Standing Chapter 13 Trustee District of Nebraska.

Dated: 10/30/2024

**Lester Wayne Delmont**
**Marie A Delmont**
Debtor(s):

By:
**Bruce C. Barnhart**
**12337 Gold Street**
**Omaha, NE 68144**
**(402)934-4430**
**bruce@barnhart-law.com**

\* By filing this document, the attorney for the Debtor(s) or the Debtor(s) themselves, if not represented by an attorney certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form 3015-1 Chapter 13 Plan for the United States Bankruptcy Court for the District of Nebraska, other than any nonstandard provisions included in PART 11.

```
Label Matrix for local noticing          Lester Wayne Delmont                  Marie A Delmont
0867-8                                    5315 South 190th Street              5315 South 190th Street
Case 24-80967                             Omaha, NE 68135-4130                 Omaha, NE 68135-4130
District of Nebraska
Omaha Office
Wed Oct 30 10:41:45 CDT 2024

Aaron F Smeall                            Adolescent Medicine                  Ally Credit Card/cws
11240 Davenport Street                    8200 Dodge St                        PO Box 653074
PO Box 540125                             Omaha, NE 68114-4113                 Dallas, TX 75265-3074
Omaha, NE 68154-0125


Ally Credit Card/cws                      Ally Credit Card/cws                 Bridgecrest Acceptance Corp
PO Box 660371                             Po Box 9222                          7300 East Hampton Avenue
Dallas, TX 75266-0371                     Old Bethpage, NY 11804-9222          Suite 100
                                                                               Mesa, AZ 85209-3324


Capital One                               Capital One/Walmart                  Cbna
Attn: Bankruptcy                          Attn: Bankruptcy                     Attn: Bankruptcy
Po Box 30285                              P.O. Box 30285                       P.O. Box 6497
Salt Lake City, UT 84130-0285             Salt Lake City, UT 84130-0285        Sioux Falls, SD 57117-6497


Citibank/The Home Depot                   First Electronic Bank                Goldman Sachs Bank USA
Citicorp Cr Srvs/Centralized Bankruptcy   Attn: Bankruptcy                     Attn: Bankruptcy
Po Box 790040                             Po Box 521271                        Po Box 70379
St Louis, MO 63179-0040                   Salt Lake City, UT 84152-1271        Philadelphia, PA 19176-0379


Internal Revenue Service                  Kohl's                               Mercury/FBT
Centralized Insolvency Operations         Attn: Credit Administrator           Attn: Bankruptcy
PO BOX 7346                               Po Box 3043                          Po Box 84064
Philadelphia, PA 19101-7346               Milwaukee, WI 53201-3043             Columbus, GA 31908-4064


Merrick Bank Corp                         (p)MISSION LANE LLC                  (p)NEBRASKA DEPARTMENT OF REVENUE
Po Box 9201                               PO BOX 105286                        ATTN ATTENTION BANKRUPTCY UNIT
Old Bethpage, NY 11804-9001               ATLANTA GA 30348-5286                PO BOX 94818
                                                                               LINCOLN NE 68509-4818


Nebraska Furniture Mart                   Premier Finance Card Program         Radius Global Solution
Attn: Collections                         Attn: Bankruptcy                     Attn: Bankruptcy
Po Box 2335                               P.O. Box 9208                        7831 Glenroy, Ste 250
Omaha, NE 68103-2335                      Old Bethpage, NY 11804-9208          Edina, MN 55439-3117


Ridgeview Animal Hospital                 Syncb/Harbor Freight                 Syncb/Venmo
18142 Wright Street                       Attn: Bankruptcy                     Attn: Bankruptcy
Omaha, NE 68130-2881                      Po Box 965060                        P.O. Box 965064
                                          Orlando, FL 32896-5060               Orlando, FL 32896-5064


Synchrony Bank/JCPenney                   Synchrony Bank/Lowes                 Target NB
Attn: Bankruptcy                          Attn: Bankruptcy                     C/O Financial   Retail Services
Po Box 965060                             Po Box 965060                        Mailstop BT PO Box 9475
Orlando, FL 32896-5060                    Orlando, FL 32896-5060               Minneapolis, MN 55440-9475
```

| | | |
|---|---|---|
| Telecom Selfreported<br>Po Box 4500<br>Allen, TX 75013-1311 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | Wooster Community Hospital<br>1761 Beall Ave<br>Wooster, OH 44691-2399 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Mission Lane LLC<br>Attn: Bankruptcy<br>P.O. Box 105286<br>Atlanta, GA 30348 | Nebraska Department Of Revenue<br>P.O. Box 94818<br>Lincoln, NE 68508-4818 | US Bank<br>PO Box 790288<br>Saint Louis, MO 63179-0288 |

End of Label Matrix
Mailable recipients    32
Bypassed recipients     0
Total                  32