**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Lester Wayne Delmont** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Marie A Delmont** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

Case No. **24-80967**

☐ Check if this is an Amended Plan

Local Form 3015-1 (Nebraska)

# CHAPTER 13 PLAN                                                                                                Revised 01/2022

## Notices

**To Debtors:** **You must use this Local Form 3015-1 Chapter 13 Plan in your Chapter 13 bankruptcy case. If you do not use this form, the court will not confirm your plan.**

Provisions of this plan that seek to limit the amount of a secured claim or the value of collateral or which seek to avoid a security interest or strip a lien are not effective. To limit the amount of any claim or the value of collateral you must object to the claim. To avoid a security interest or strip a lien, you must file an adversary proceeding or motion, as appropriate.

You must check one box below. If you want nonstandard provisions in Part 11 of this plan to be effective, you must check the box "Included". If you check the box "Not Included", if you check both boxes, or if you do not check a box, any provisions contained in Part 11 are not effective.

Nonstandard provisions in PART 11 are:   ☐ Included       ☒ Not Included

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

**You must timely file a proof of claim in this case to be paid under this plan.** The debt amount and the value of any collateral stated in your proof of claim controls the amount you will be paid. The Debtor(s) may object to these amounts. The Debtor(s) must file a motion or an adversary proceeding to avoid your security interest. Secured creditors are paid interest in the amount and from the date stated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose how this plan treats your claim or any provision of this plan, you must file an objection to confirmation no later than the date designated in the attached Notice of Resistance Deadline. The court may confirm this plan without further notice if no objection is filed. See Fed. R. Bankr. P. 3015.

## Part 1:    Plan Payments and Length of Plan

**A.    Disposable Income.** The Debtor(s) submit to the Chapter 13 trustee, all projected disposable income received during this plan's commitment period. The payment schedule follows: (Insert additional lines if needed)

| A. Monthly Payment Amount (include any previous payments) | B. Number of Payments | Base Amount (A X B) |
|---|---|---|
| $820.00 | 3 | $2,460.00 |
| $840.00 | 57, commencing February 2025 | $47,880.00 |
| | Total Plan Base Amount: | $50,340.00 |

**B.    Payment Method.** The Debtor(s) will make regular payments to the trustee from future income as follows:

*Check all that apply:*

☐ Pursuant to a payroll deduction order. Complete the following:

Employee's name from whom the check payment is deducted:

Employer's name, address, city, state, phone:

Debtor is paid:   ☐ Monthly   ☐ Twice Monthly   ☐ Weekly   ☐ Biweekly   ☐ Other _____

☒ Direct payments to the trustee.

☐ Other (specify method of payment):

For cases with employer payroll deductions, debtors must pay the trustee directly by money order or cashier's check until the deduction begins. For plans requiring pre-confirmation adequate protection payments or lease payments, debtors must immediately begin making plan payments to the trustee. For plans without pre-confirmation payments, debtors must begin making plan payments within 30 days after filing the bankruptcy petition

This plan cures any arrearage in payments to the trustee under any prior plan in this case.

## Part 2: Order of Payment of Claims

The trustee will deduct trustee fees under 28 U.S.C. § 586(e). The trustee will pay claims in the following order, and unless otherwise provided, claims within each class will be paid pro rata:

1. Pre-confirmation payments for adequate protection or leases of personal property;

2. Minimum monthly payments to secured creditors listed in Part 6 of this plan, minimum arrearage payments and regular executory contract payments due on executory contracts and leases listed in Part 7, and minimum monthly payments on arrearages for priority domestic support claims under 11 U.S.C. § 507(a)(1)(A) listed in Part 5(B);

3. Debtor's attorney's fees and costs approved by the court (The Debtor's attorney should not designate a monthly payment for attorney fees);

4. Secured claims listed in Part 6, arrearages on executory contracts and leases listed in Part 7 and domestic support claims under 11 U.S.C. § 507(a)(1)(A) listed in Part 5(B);

5. Other administrative expense claims under 11 U.S.C. § 503 and Chapter 7 trustee compensation allowed under 11 U.S.C. § 1326(b)(3);

6. Other priority claims in 11 U.S.C. § 507(a) including post-petition tax claims under 11 U.S.C. § 1305;

7. Payments on co-signed unsecured claims listed in Part 8;

8. General unsecured claims.

## Part 3: Treatment of § 1326(a) Pre-confirmation Adequate Protection and Lease Payments

The trustee will pay the creditors listed below pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property without a court order. Debtors who propose pre-confirmation payments must immediately begin making plan payments to the trustee. Creditors must timely file a claim to receive payment. The trustee will pay a creditor within 30 days after the creditor files a proof of claim unless the trustee does not have funds available within 7 working days before 30-day period ends. Post-confirmation payments are paid under Parts 6 and 7 of this plan.

| Creditor's Name | Creditor's Full Address | Last Four Digits of Account # | Date Next Payment is Due | Payment Amount |
|---|---|---|---|---|
| -NONE- | | | | |

| Part 4: | Treatment of Administrative Claims |
|---|---|

The trustee will deduct trustee fees from each payment the trustee receives. The maximum amount of Chapter 13 attorney fees and expenses (Standard Allowable Amount "SAA") that a debtor's attorney may include in this plan is in Neb. R. Bankr. P. 2016-1(A)(4) and Appendix "K". A debtor's attorney must seek additional fees or costs over the SAA under the "ALC Fees" process or in a separate fee application. Fees and costs requested are:

| SAA Fees Requested | Fees Received Before Filing | Balance of SAA Fee Paid in Plan |
|---|---|---|
| $4,400.00 | $32.00 | $4,368.00 |
| SAA Expenses Requested | Expenses Received Before Filing | Balance of SAA Expenses Paid in Plan |
| $300.00 | $0.00 | $300.00 |

| Part 5: | Treatment of Priority Claims |
|---|---|

All claims entitled to priority under 11 U.S.C. § 507(a) must be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment, except for a priority claim under 11 U.S.C. § 507(a)(1)(B). See 11 U.S.C. § 1322(a). Also, all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, must be treated as a general unsecured claim, and are not entitled to priority.

**A.    Domestic Support Obligations**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 5(A).*

**B.    Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a)(1)(A)**

☒ None. *If "None" is checked, you do not need to complete or include the rest § 5(B).*

**C.    Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. § 507(a)(1)(B)**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 5(C).*

**D.    Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305**

☐ None. *If "None" is checked, you do not need to complete or include the rest of § 5(D).*

The names of creditors, estimated arrearage, and any special payment provisions:

| Federal $ | State $ | Total $ |
|---|---|---|
| Internal Revenue Service | | $6,276.00 |
| | Nebraska Department Of Revenue | $460.00 |

**E.    Chapter 7 Trustee Compensation Allowed Under 11 U.S.C. § 1326(b)(3)**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 5(E).*

**F.    Other Priority Claims**

Provisions for treatment must be in Part 11 of this plan.

| Part 6: | Treatment of Secured Claims |
|---|---|

**A.1    Home Mortgage Claims (including claims secured by real property the Debtor(s) intend to retain)**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 6(A).*

**B.    Post-Confirmation Payments to Creditors Secured by Personal Property**

Post-confirmation payments to creditors holding claims secured by personal property will be paid as set forth in subparagraphs (1) and (2):

1. **Secured Claims excluded from 11 U.S.C. § 506.**

    ☒ None. *If "None" is checked, you do not need to complete or include the rest of § 6(B)(1).*

2. **Secured Claims in which § 506 Valuation is Applicable:**

    ☐ None. *If "None" is checked, you do not need to complete or include the rest of § 6(B)(2).*

    Claims listed in this subsection are debts secured by personal property not described in § 6(B)(1). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. The value of the secured property is determined by the proof of claim, subject to the right of the Debtor(s) to object.

| Creditor's Name | Collateral | Estimated Value of Security or Amount Owed (whichever lowest) | Pre-confirmation Interest Rate & Dollar Amount Limit (if any) | Post-confirmation Interest Rate | Minimum Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|---|
| 1. Carvana, LLC/Bridgecrest Acceptance Corp | 2016 Dodge Ram | $27,566.00 | 0.00% $0.00 | 7.18% | $150.00 | $32,462.00 |

C. **Surrender of collateral**

  ☐ None. *If "None" is checked, you do not need to complete or include the rest of § 6(c).*

The Debtor(s) surrender to each creditor listed below the collateral that secures the creditor's claim. Any secured claim filed by creditors listed below will be deemed satisfied in full through surrender of the collateral. The Debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and the stay under § 1301 be terminated in all respects.

| Creditor's Name | Collateral To Be Surrendered |
|---|---|
| 1. Nebraska Furniture Mart | **Srust-Con-19-console and Aspni - 108-425 King Headboard - Mocha, purchased by Debtor at Nebraska Furniture Mart. All other items were in too poor of condition to move to current residence.** |
| 2. Nebraska Furniture Mart | **Items purchased at Nebraska Furniture Mart: Apple ipad, samsung television, sofa.** <br>**All other items were in too poor of condition to move to current residence.** |

D. **Lien Avoidance and Lien Stripping:**

  ☒ None. *If "None" is checked, you do not need to complete or include the rest of § 6(D).*

## Part 7:    Treatment of Executory Contracts and Leases

☒ None. *If "None" is checked, you do not need to complete or include the rest of Part 7.*

## Part 8:    Treatment of Co-Signed Unsecured Debts

☒ None. *If "None" is checked, you do not need to complete or include the rest of Part 8.*

## Part 9:    Treatment of Unsecured Claims

Unsecured claims will be paid pro rata from remaining funds.

## Part 10: Additional Provisions

1. If no objection to confirmation is filed, the court may confirm this plan without further hearing.

2. Property of the estate, including the Debtor(s)' current and future income, will revest in the Debtor(s) after a discharge is entered, and the Debtor(s) will have the sole right to use and possess property of the estate during this case.

3. To obtain distributions under this plan, a creditor must file a proof of claim no later than 70 days after the petition is filed, except as provided in Rule 3002(c) of the Federal Rules of Bankruptcy Procedure.

4. Unless otherwise provided in this plan or ordered by the court, the holder of each allowed secured claim provided under this plan will retain the lien securing its claim under 11 U.S.C. § 1325(a)(5)(B).

5. After the bar date to file a proof of claim for non-governmental units passes, limited notice/service is approved for all post confirmation motions, including applications for fees, amended plans and other motions. Any motion must be served on all parties in interest. For purposes of this limited notice provision, a "party in interest" is a party directly affected by the motion, a creditor who filed a proof of claim, a party who filed a request for notice, any governmental agency or unit that is a creditor and all secured or priority creditors. Any pleading filed with limited notice must include a certificate of service that specifically states it was served with limited notice on all parties in interest under Neb. R. Bankr. P. 9013-1(E)(1). If a certificate of service is not filed, the motion will be deferred or denied.

## Part 11: Nonstandard Plan Provisions

Nonstandard plan provisions must be set forth below. A nonstandard provision is a provision not otherwise included in, or which deviates from, this Local Form. Nonstandard provisions contained in any other Part of this plan are not effective.

The following plan provisions are effective only if the Debtor(s) checked the box "Included" in the Notice section above.

### Notice of Resistance Deadline

Any resistance to this plan or request for a hearing must be filed with the bankruptcy clerk (see original notice of bankruptcy for the address) and served on the attorney for the Debtor(s) at the address listed below (or served on the Debtor(s), if not represented by an attorney), on or before:
February 12, 2025

If a resistance or request for a hearing is timely filed and served, the court will handle the resistance under Neb. R. Bankr. P. 3015-2. If no objection to confirmation is filed, the court may confirm this plan without further hearing.

### Certificate Of Service

On January 22, 2025, the undersigned mailed a copy of this plan to all creditors, parties in interest and those requesting notice, by first class United States mail, postage prepaid. The parties to whom notice was mailed are either listed below or on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to serve: Erin M. McCartney, Standing Chapter 13 Trustee District of Nebraska.

Dated: **January 22, 2025**

**Lester Wayne Delmont**
**Marie A Delmont**
Debtor(s):

By: **/s/ Bruce C. Barnhart**
**Bruce C. Barnhart**
**12337 Gold Street**
**Omaha, NE 68144**
**(402)934-4430**
**bruce@barnhart-law.com**

\* By filing this document, the attorney for the Debtor(s) or the Debtor(s) themselves, if not represented by an attorney certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form 3015-1 Chapter 13 Plan for the United States Bankruptcy Court for the District of Nebraska, other than any nonstandard provisions included in PART 11.

```
Label Matrix for local noticing          Ally Bank Lease Trust - Assignor to Vehicle   Bridgecrest Credit Company, LLC as Agent and
0867-8                                   4515 N Santa Fe Ave. Dept. APS                4515 N Santa Fe Ave. Dept. APS
Case 24-80967-TLS                        Oklahoma City, OK 73118-7901                  Oklahoma City, OK 73118-7901
District of Nebraska
Omaha Office
Wed Jan 22 09:39:23 CST 2025

Bridgecrest Credit Company, LLC as Servicer   Lester Wayne Delmont                    Marie A Delmont
4515 N Santa Fe Ave. Dept. APS                5315 South 190th Street                 5315 South 190th Street
Oklahoma City, OK 73118-7901                  Omaha, NE 68135-4130                    Omaha, NE 68135-4130


Aaron F Smeall                           Adolescent Medicine                          Ally Bank
11240 Davenport Street                   8200 Dodge St                                Resurgent Capital Services
PO Box 540125                            Omaha, NE 68114-4113                         PO Box 10368
Omaha, NE 68154-0125                                                                  Greenville, SC 29603-0368


Ally Credit Card/cws                     Ally Credit Card/cws                         Ally Credit Card/cws
PO Box 653074                            PO Box 660371                                Po Box 9222
Dallas, TX 75265-3074                    Dallas, TX 75266-0371                        Old Bethpage, NY 11804-9222


Bridgecrest Acceptance Corp              Capital One                                  Capital One/Walmart
7300 East Hampton Avenue                 Attn: Bankruptcy                             Attn: Bankruptcy
Suite 100                                Po Box 30285                                 P.O. Box 30285
Mesa, AZ 85209-3324                      Salt Lake City, UT 84130-0285                Salt Lake City, UT 84130-0285


Carvana, LLC / Bridgecrest c/o AIS Portfolio   Cbna                                   Citibank N.A.
4515 N. Santa Fe Ave. Dept. APS                Attn: Bankruptcy                       Citibank, N.A.
Oklahoma City, OK 73118-7901                   P.O. Box 6497                          5800 S Corporate Pl
                                               Sioux Falls, SD 57117-6497             Sioux Falls, SD  57108-5027


Citibank/The Home Depot                  First Electronic Bank                        Goldman Sachs Bank USA
Citicorp Cr Srvs/Centralized Bankruptcy  Attn: Bankruptcy                             Attn: Bankruptcy
Po Box 790040                            Po Box 521271                                Po Box 70379
St Louis, MO 63179-0040                  Salt Lake City, UT 84152-1271                Philadelphia, PA 19176-0379


Internal Revenue Service                 (p)JEFFERSON CAPITAL SYSTEMS LLC             Kohl's
Centralized Insolvency Operations        PO BOX 7999                                  Attn: Credit Administrator
PO BOX 7346                              SAINT CLOUD MN 56302-7999                    Po Box 3043
Philadelphia, PA 19101-7346                                                           Milwaukee, WI 53201-3043


MERRICK BANK                             Mercury/FBT                                  Merrick Bank Corp
Resurgent Capital Services               Attn: Bankruptcy                             Po Box 9201
PO Box 10368                             Po Box 84064                                 Old Bethpage, NY 11804-9001
Greenville, SC 29603-0368                Columbus, GA 31908-4064


Midland Credit Management, Inc.          (p)MISSION LANE LLC                          Mission Lane LLC
PO Box 2037                              PO BOX 105286                                by AIS Infosource, LP as agent
Warren, MI 48090-2037                    ATLANTA GA 30348-5286                        PO Box 4457
                                                                                      Houston, TX 77210-4457
```

| | | |
|---|---|---|
| NEBRASKA FURNITURE MART<br>PO BOX 3000<br>OMAHA, NE 68103-3030 | (p)NEBRASKA DEPARTMENT OF REVENUE<br>ATTN ATTENTION BANKRUPTCY UNIT<br>PO BOX 94818<br>LINCOLN NE 68509-4818 | Nebraska Furniture Mart<br>Attn: Collections<br>Po Box 2335<br>Omaha, NE 68103-2335 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Premier Finance Card Program<br>Attn: Bankruptcy<br>P.O. Box 9208<br>Old Bethpage, NY 11804-9208 | Radius Global Solution<br>Attn: Bankruptcy<br>7831 Glenroy, Ste 250<br>Edina, MN 55439-3117 |
| Resurgent Receivables, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Ridgeview Animal Hospital<br>18142 Wright Street<br>Omaha, NE 68130-2881 | Scolopax, LLC<br>C/O Weinstein & Riley, P.S.<br>749 GATEWAY, SUITE G-601<br>ABILENE, TX 79602-1196 |
| Syncb/Harbor Freight<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Syncb/Venmo<br>Attn: Bankruptcy<br>P.O. Box 965064<br>Orlando, FL 32896-5064 | Synchrony Bank<br>by AIS InfoSource LP as agent<br>PO Box 4457<br>Houston, TX  77210-4457 |
| Synchrony Bank/JCPenney<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank/Lowes<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | (p)TD BANK USA N A<br>ATTN C/O WEINSTEIN & RILEY P S<br>1415 WESTERN AVE<br>SUITE #700<br>SEATTLE WA 98101-2051 |
| Target NB<br>C/O Financial   Retail Services<br>Mailstop BT PO Box 9475<br>Minneapolis, MN 55440-9475 | Telecom Selfreported<br>Po Box 4500<br>Allen, TX 75013-1311 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 |
| Wooster Community Hospital<br>1761 Beall Ave<br>Wooster, OH 44691-2399 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud MN 56302-9617 | Mission Lane LLC<br>Attn: Bankruptcy<br>P.O. Box 105286<br>Atlanta, GA 30348 | Nebraska Department Of Revenue<br>P.O. Box 94818<br>Lincoln, NE 68508-4818 |
| Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | TD Bank USA, N.A.<br>C/O Weinstein & Riley, P.S.<br>1415 WESTERN AVE, SUITE 700<br>SEATTLE, WA 98101 | US Bank<br>PO Box 790288<br>Saint Louis, MO 63179-0288 |

End of Label Matrix
Mailable recipients    48
Bypassed recipients     0
Total                  48